```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
JOSE SAEZ,                          :
                                    :
        Plaintiff,                  :   Civ. No. 16-1351 (NLH)
                                    :
    v.                              :   OPINION
                                    :
COUNTY OF CAPE MAY, et al.,         :
                                    :
        Defendants.                 :
_____:

APPEARANCES:
Jose Saez, #47177
Cape May County Correctional Facility
4 Moore Rd., DN-501
Cape May Courthouse, NJ 08210
    Plaintiff Pro se


HILLMAN, District Judge

    Plaintiff Jose Saez, a pretrial detainee confined at the Cape May County Correctional Facility, in Cape May Courthouse, New Jersey, seeks to bring this civil action asserting claims pursuant to 42 U.S.C. § 1983. In the cover letter attached to his Complaint (ECF No. 1-1), Plaintiff requests that the Clerk of the Court send him an in forma pauperis application. The notation on the Court's docketing system indicates that an application has been sent to Plaintiff.

    Until such time as a completed in forma pauperis application is received, however, pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file

any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.

The entire fee to be paid in advance of filing a civil complaint is $400.  That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions); see also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, Plaintiff failed to submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(1), (2). See, e.g., *Hairston, Sr. v. Gronolsky*, 348 F. App'x 716 (3d Cir. 2009) (affirming administrative termination of prisoner civil rights action for failure to comply with requirements of § 1915); *Tyson v. Youth Ventures*, L.L.C., 42 F. App'x 221 (10th Cir. 2002) (affirming dismissal without prejudice of civil action where prisoner submitted only *uncertified* copy of institutional account statement); *Johnson v. United States*, 79 Fed.Cl. 769 (2007) (same). See also *Rohn v. Johnston*, 415 F. App'x 353, 354-55 (3d Cir. 2011) (affirming dismissal without prejudice of civil action where prisoner failed to submit the required affidavit of poverty).

To the extent Plaintiff asserts that correctional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Plaintiff's request for a certified

4

institutional account statement and the correctional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

Although the Complaint alleges that Plaintiff suffered certain medical conditions as the result of his conditions of confinement, the allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]  Plaintiff will be granted leave to apply to re-open within 45 days.  An appropriate Order will be entered.

___s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: March 14, 2016
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).